# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SHAJUANDA MARTIN, | Case No. 2:21-cv-00463-NJK |
| Plaintiff, | **ORDER** |
| v. | [Docket Nos. 4, 6] |
| ANDREW SAUL, | |
| Defendant. | |

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and has submitted a complaint. Docket Nos. 1, 1-1.

**I.    Application to Proceed *In Forma Pauperis***

On March 19, 2021, Plaintiff filed her first application to proceed *in forma pauperis*. Docket No. 1. On March 23, 2021, the Court denied without prejudice this application due to certain deficiencies. Docket No. 3. Thereafter, on April 8, 2021, Plaintiff filed her second application to proceed *in forma pauperis*. Docket No. 4. This application sufficiently shows an inability to prepay fees and costs or give security for them. Accordingly, Plaintiff's application to proceed *in forma pauperis* will be granted pursuant to § 1915.[1] Docket No. 4. The Court will now review Plaintiff's complaint.

**II.   Screening the Complaint**

When a party seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint. *See* 28 U.S.C. § 1915(e). With respect to social security appeals specifically, judges in this District have outlined some basic requirements for complaints to satisfy the Court's

---

[1] On April 9, 2021, Plaintiff filed a third application to proceed *in forma pauperis*, which is virtually identical to her second application to proceed *in forma pauperis*. Docket No. 6. The Court denies Plaintiff's third application to proceed *in forma pauperis* as moot.

1

screening. First, the complaint must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within 60 days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, at *2 (D. Nev. Jan. 26, 2015) (collecting cases).

Plaintiff's complaint fails to satisfy all the required elements. Specifically, the complaint fails to establish that Plaintiff exhausted her administrative remedies and that she commenced this action within 60 days after notice of a final decision. Plaintiff attaches two Administrative Law Judge ("ALJ") decisions to her complaint. *See* Docket No. 1-1 at 14–17, 21–37. The first ALJ decision attached as Exhibit A is not dated.[2] *See id.* at 14–17. The second ALJ decision attached as Exhibit B is dated November 19, 2019, *see id.* at 37, but there is no indication that Plaintiff sought relief from the Appeals Council.[3] Having reviewed Plaintiff's complaint and all the materials attached thereto, it appears that Plaintiff cannot state a claim for relief. Nonetheless, the Court will afford Plaintiff an opportunity to cure the above deficiencies, if possible.

### III. Conclusion

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff's second application to proceed *in forma pauperis*, Docket No. 4, is hereby **GRANTED** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the filing fee. Plaintiff's third application to proceed *in forma pauperis*, Docket No. 6, is hereby **DENIED** as moot.

---

[2] The notice of decision prefacing the first ALJ decision is also not dated. *See* Docket No. 1-1 at 11. In addition, the first ALJ decision is not attached in full. *See id.* at 17.

[3] If the ALJ decision dated November 19, 2019, constitutes the final decision for purposes of judicial review, Plaintiff commenced this action well after the 60 days deadline.

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of Court is instructed to file the Complaint and Plaintiff's motion for appointment of counsel. Docket Nos. 1-1, 1-3.

4. The Complaint is hereby **DISMISSED** with leave to amend. Plaintiff will have until **May 12, 2021**, to file an Amended Complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the Complaint, Plaintiff is informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. Local Rule 15-1(a) requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

5. **Failure to comply with this Order will result in dismissal of this case.**

IT IS SO ORDERED.

Dated: April 12, 2021

_____
Nancy J. Koppe
United States Magistrate Judge