UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Shajuanda Martin,<br><br>  Plaintiff<br><br>v.<br><br>Kilolo Kijakazi,[1] Commissioner of Social Security,<br><br>  Defendant | Case No.: 2:21-cv-00463-JAD-NJK<br><br>**Order Adopting Magistrate Judge's Report & Recommendation and Closing Case**<br><br>[ECF Nos. 22, 27] |

  This is pro se plaintiff Shajuanda Martin's third action challenging the Social Security Administration's (SSA) decision finding that she is no longer disabled and denying her disability benefits.[2] During screening, Martin's complaint was dismissed with leave to amend, and the magistrate judge warned Martin that this case would be dismissed if she failed to file an amended complaint by the deadline.[3] Five days after the deadline passed, Martin moved for an extension, which the magistrate judge granted.[4] Martin then had until July 6, 2021, to file an amended complaint, but this extended deadline also passed without her filing an amended complaint or requesting another extension.[5]

---

[1] Kilolo Kijakazi was sworn in as Commissioner of the Social Security Administration on July 9, 2021. Under Federal Rule of Civil Procedure 25(d), I direct the Clerk of Court to substitute Kilolo Kijakazi for Andrew Saul as the defendant in this case.

[2] ECF No. 8. Martin filed two complaints in this case. ECF No. 8; ECF No. 24. Because the second complaint (ECF No. 24) was filed after the court-set deadline, I construe the first (ECF No. 8) as the operative complaint.

[3] ECF No. 7.

[4] ECF No. 17; ECF No. 20.

[5] ECF No. 22.

The magistrate judge then recommended that I dismiss Martin's case without prejudice because her initial complaint failed to demonstrate that Martin had exhausted her administrative remedies with the SSA and because she failed to file an amended complaint correcting those deficiencies by the court-set deadline.[6]  Eleven days after the magistrate judge issued her report and recommendation (R&R), Martin filed an amended complaint and objected to the R&R.[7]  Even construing liberally Martin's untimely amended complaint,[8] I find that she has still failed to show that she appealed the SSA's decision within the applicable statute of limitations.[9]  And although Martin objects to the R&R and generally references SSA office closures during the COVID-19 pandemic, she offers no persuasive argument or evidence that she timely filed this appeal.[10]  Having reviewed the magistrate judge's R&R, I find good cause to adopt it, and I do.

This is the third similar case that Martin has filed in this court.[11]  All three, including this one, have been dismissed because Martin has failed to show that she complied with the 60-day statute of limitations for social-security appeals.[12]  I caution Martin that if she files a similar action again without demonstrating that her action is timely, the court will consider having her declared a vexatious litigant, which could require future lawsuits she wishes to bring to be

---

[6] *Id.*

[7] ECF No. 23; ECF No. 24.  Martin filed an amended objection to the R&R months later, which I have also considered.  ECF No. 27.

[8] *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (recognizing that *pro se* pleadings must be liberally construed).

[9] ECF No. 7.

[10] ECF No. 27.

[11] *See generally* 2:20-cv-2041-JAD-DJA and 2:21-cv-00461-JAD-CLB.

[12] *See* 42 U.S.C. § 405(g).

approved by the court before filing would be permitted.[13]  While Martin has a due-process right to access the courts, "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants."[14]

IT IS THEREFORE ORDERED that the magistrate judge's report and recommendation **[ECF No. 22] is ADOPTED IN FULL** and that the plaintiff's amended objection to the R&R **[ECF No. 27] is OVERRULED**.  This case is dismissed for failure to show exhaustion of administrative remedies.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **substitute Kilolo Kijakazi for Andrew Saul as the defendant in this case**[15] **and to CLOSE THIS CASE.**

                                                             U.S. District Judge Jennifer A. Dorsey
                                                                       December 14, 2021

---

[13] *See Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) (citing *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990).

[14] *De Long*, 912 F.2d at 1148.

[15] *See* F.R.C.P. 25(d).